IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF TENNESSEE, AT KNOXVILLE

| | |
|---|---|
| PATRICIA BUHROW and<br>LUKE BUHROW,<br><br>    Plaintiffs,<br><br>v.<br>    :<br>BEAR CAMP CABIN RENTALS, LLC,<br>formerly known as,<br>BEAR CAMP REALTY AND<br>CABIN RENTALS,<br>Serve registered agent:<br>John Gilliam<br>3354 Parkway<br>Pigeon Forge, TN 37863-3423, and<br><br>JOHN GILLIAM, Individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>No.: _____<br>)  JURY TRIAL REQUESTED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Patricia Buhrow and Luke Buhrow, husband and wife, through counsel, and for cause of action against these Defendants, say as follows:

1. This case arises out of an incident which occurred on the morning of March 20, 2021, at a cabin named "Valley Hi," located at 2672 Valley Heights Drive in Pigeon Forge, Tennessee, which was owned, managed, maintained, and/or controlled by the defendants and which had been rented by them to the Buhrows for their vacation, when the unreasonably dangerous and hazardous conditions of the cabin's front steps caused Plaintiff Patricia Buhrow to fall and be seriously injured (the "subject incident").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship, and the damages in this matter exceeding the jurisdictional limit of $75,000.00 exclusive of interest and costs.

3. This Court further has personal jurisdiction over the Defendants in this matter under established principles of common law and Tenn. Code Ann. § 20-2-223 because Plaintiffs' injuries occurred in this state; the defendants are residents of this state; the defendants transacted in business in this State; the defendants had an interest in and possessed real property in this state; and the defendants caused tortious injuries by their acts and omissions in this state.

4. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391 in that a substantial part of the conduct that is the subject of this action occurred in this judicial district and the defendants reside in this state.

## THE PARTIES

5. Plaintiffs Patricia and Luke Buhrow, husband and wife, are citizens and residents of Connersville, Indiana.

6. Defendant Bear Camp Cabin Rentals, LLC ("Bear Camp Cabin Rentals"), formally known as Bear Camp Realty and Cabin Rentals, LLC, is a domestic limited liability company organized in the State of Tennessee; was at all relevant times doing business in Tennessee and within the jurisdiction of this Honorable Court; and was (and is) a registered business entity with the Tennessee Secretary of State. Based upon information and belief, this Defendant may be served through its owner and registered agent, John Gilliam, as noted above.

7. Defendant John Gilliam, based on information and belief, at relevant times is or

2

was an owner and/or operator of Defendant Bear Camp Cabin Rentals and was an owner and/or was responsible for the maintenance and/or management of the subject premises; he may be served at 3354 Parkway, Pigeon Forge, Tennessee 37863.

## FACTUAL BACKGROUND

8. On information and belief, Defendant Bear Camp Cabin Rentals is owned and/or operated by John Gilliam.

9. On information and belief, Defendants have or had an ownership and/or leasehold interest in the subject property at relevant times, including the cabin on the property referred to as Valley Hi and/or in the commercial operations located at 2672 Valley Heights Drive, Pigeon Forge, Tennessee.

10. On information and belief, at relevant times, Defendants and/or their agents maintained and/or had a duty to maintain the subject property, including the Valley Hi cabin.

11. On information and belief, at relevant times, Defendants and/or their agents managed and/or had a duty to manage the subject property, including the Valley Hi cabin.

12. On information and belief, at relevant times, Defendants and/or their agents repaired and/or had a duty to repair the subject property, including the Valley Hi cabin.

13. On information and belief, at relevant times, Defendants and/or their agents inspected and/or had a duty to inspect the subject property, including the Valley Hi cabin.

14. On information and belief, at relevant times, Defendants have hired and/or engaged other individuals and/or entities to assist them with the responsibilities of maintaining, repairing, inspecting, and/or managing the subject property, including the Valley Hi cabin.

15. On information and belief, Defendants own, manage, and/or maintain several short-

term cabin rentals in the Pigeon Forge and Sevierville area, which are publicly listed on the website: https://www.bearcampcabins.com/gatlinburg.

16. On information and belief, although the Valley Hi cabin was being rented out by Defendants as a short-term rental, Defendants had negligently failed to obtain a license issued by the City of Pigeon Forge or Sevier County for the property to be used as a short-term rental.

17. On information and belief, as part of owning, managing, and/or maintaining the subject property, including the Valley Hi cabin, Defendants, including through their employees and/or agents, had a duty and responsibility to conduct inspections of the property before and after each guest's visit.

18. On information and belief, for an extended period prior to the subject incident, Defendants, including through their employees and/or agents, improperly created and/or maintained, and had actual and/or constructive notice of, unsafe and unreasonably dangerous conditions of the Valley Hi cabin, including but not limited to the front steps leading from the porch of the Valley Hi cabin to the front yard.

19. On information and belief, the front steps leading from the porch of the Valley Hi cabin to the front yard were the primary means of egress for the subject cabin.

20. At relevant times, including well prior to and at the time of the subject incident, the front steps of the Valley Hi cabin were deteriorated, significantly slanted, and slanted to different degrees across the width of each step.

21. At relevant times, including well prior to and at the time of the subject incident, the tread of the top step (of the front steps) of the Valley Hi cabin was in such a condition that the front portion of the step (the nosing) was slanted lower than the back of the step in an unsafe and

4

hazardous manner.

22. On information and belief, at relevant times, including well prior to and at the time of the subject incident, the treads of the front steps of the Valley Hi cabin were angled downward in an unsafe and hazardous manner.

23. At relevant times, including well prior to and at the time of the subject incident, the front steps of the Valley Hi cabin were made of wood that was not slip resistant such that they were unsafe and hazardous.

24. On information and belief, at relevant times, including well prior to and at the time of the subject incident, the front steps of the Valley Hi cabin were significantly worn and had not been properly maintained such that they were unsafe and hazardous.

25. On information and belief, at relevant times, including at the time of the subject incident, the front steps of the Valley Hi cabin were uneven and were inconsistent in their riser and tread angle, sizes, and elevations such that they were unsafe and hazardous.

26. On information and belief, well prior to the Buhrows renting the Valley Hi cabin from Defendants, there had been some type of slip resistant layer or strip on the front steps. However, such strips either had been removed or had largely warn off prior to the Buhrows' stay at the Valley Hi cabin.

27. At relevant times, including at the time of the subject incident, the front steps of the Valley Hi cabin lacked any slip resistant strips or non-slip surface.

28. At relevant times, including at the time of the subject incident, the front steps of the Valley Hi cabin lacked any rubber strips or treads.

29. At relevant times, including at the time of the subject incident, the front steps of the

5

Valley Hi cabin lacked an appropriate railing that was readily graspable to hold when walking (or falling) down the steps.

30. On information and belief, at relevant times, including at the time of the subject incident, there was only one small porch light by the front door to illuminate the front steps, which were several feet away.

31. At relevant times, each of the above-referenced conditions of the front steps of the Valley Hi cabin made the steps a substantial and unreasonable fall and/or trip hazard to those entering or exiting the cabin, including those occasional visitors to the cabin.

32. On information and belief, because the front steps of the Valley Hi cabin were the primary means of egress for the cabin, it was foreseeable to (and expected by) the owners and/or managers of the subject premises that these steps would be used by occasional visitors to exit and/or enter the cabin, including at times when it is dark outside and/or there is reduced visibility.

33. At relevant times, the unsafe and hazardous conditions of the front steps of the Valley Hi cabin generally described herein were readily apparent to the property owners and/or managers, who had a duty or responsibility to maintain and/or manage such cabins.

34. At relevant times, the unsafe and hazardous conditions of the front steps of the Valley Hi cabin were not readily apparent to occasional visitors to the premises (including those who were renting the cabin for only a few days, such as the Buhrows).

35. At relevant times, including at the time of the subject incident, the front steps of the Valley Hi cabin lacked any signs warning that the steps were uneven, slanted to an abnormal degree, were slippery, and/or were otherwise a substantial fall and/or slip hazard.

36. Prior to the subject incident, Defendants, including through their employees and/or

6

agents, knew or should have known about the unsafe, hazardous, and unreasonably dangerous conditions of the steps generally referenced above, and yet they failed to repair, maintain, and/or remedy said conditions despite having a duty to do so.

37. Prior to the subject incident, Defendants, including through their employees and/or agents, failed to take reasonable steps to warn individuals staying at the Valley Hi cabin (including Mrs. Buhrow and her husband) about the unsafe, hazardous, and unreasonably dangerous conditions of the steps generally referenced above.

38. On information and belief, Defendants created the unsafe and hazardous conditions and/or knew of them long enough to have corrected them and/or to have warned Plaintiffs of them.

39. On or about March 3, 2021, Patricia and Luke Buhrow planned a trip to the Smoky Mountains with their family and booked the Valley Hi cabin to stay in for several days in late-March.

40. The Buhrow family checked in to the Valley Hi cabin on or about the mid/late-afternoon of March 18, 2021.

41. Prior to checking in to the Valley Hi cabin on March 18, 2021, the Buhrows had not previously been to the cabin.

42. On or about March 20, 2021, while Plaintiff Mrs. Buhrow was leaving the Valley Hi cabin at approximately 7:00 a.m., the unsafe and unreasonably dangerous condition of the steps referenced above caused her to fall.

43. As a direct result of this incident and on account of Defendants' wrongful conduct as described herein, Mrs. Buhrow was seriously injured. These injuries include, but are not limited to, a fracture in her back and a closed head injury resulting in seizures.

# CAUSES OF ACTION

## Count One: Negligent Creation and/or Maintenance of Hazardous and Unreasonably Dangerous Conditions of the Premises

44. The contentions asserted in paragraphs 1-43 are incorporated herein as if recited verbatim in this count.

45. Because Defendants (and their agents and employees), at relevant times, had an ownership and/or leasehold interest in and/or operated, maintained, controlled, and/or managed the cabin known as Valley Hi, Defendants had a duty to use reasonable care to avoid having unsafe, hazardous, or unreasonably dangerous conditions in or on the subject premises, including but not limited to: a duty to use reasonable care to keep the subject premises in a safe and suitable condition in the area where guests were invited and expected to be; a duty to maintain and manage the property and steps properly and safely in the area where guests were invited and expected to be; a duty to use reasonable care to refrain from creating any unsafe or hazardous condition in the area where guests were invited and expected to be; a duty to use reasonable care to refrain from creating any unsafe or hazardous condition in the means of egress for the subject cabin; a duty to use reasonable care when inspecting the subject premises; and a duty to warn of any dangerous and/or hazardous condition in the area where guests were invited and expected to be.

46. On information and belief, prior to the subject incident causing serious injury to Mrs. Buhrow, Defendants had actual and/or constructive notice, through one or more of their employees and/or agents, that an unsafe and unreasonably dangerous condition had been created and/or was in existence.

47. On information and belief, the unsafe and hazardous conditions of the steps of the Valley Hi cabin generally referenced herein were readily apparent to Defendants.

8

48. At relevant times, Defendants created, maintained, and had actual and/or constructive notice of the unsafe, hazardous, and unreasonably dangerous conditions at the Valley Hi cabin described herein such that they had a duty to warn guests about it and/or to have remedied it before such hazardous condition caused an injury to anyone entering or exiting the cabin, including Mrs. Buhrow.

49. Among the unsafe, hazardous, and unreasonably dangerous characteristics of the steps generally referenced above, at relevant times, were: that they were present in an area where Defendants knew occasional visitors entering or exiting the Valley Hi cabin would be required to use (the steps were the primary means of egress), including at night and at times of reduced visibility; that the steps were slanted to an unreasonable and dangerous degree (including between approximately two and seven degrees); that they were slanted at varying degrees depending on which end of the step you were standing on; that they were not made of a slip resistant material; that they lacked any type of slip resistant strips or coverings (any such strips or coverings evidently had been removed or warn away well before the Buhrows' stay); that they were uneven and inconsistent in their riser and tread angles, sizes, and elevations; that there was not an adequate handrail that was readily graspable to someone walking (or falling) down the steps; and that there was only a single, small light located several feet away from the steps to illuminate them. Each of these conditions, individually and collectively, made the referenced steps unreasonably dangerous and posed a substantial risk of harm to occasional visitors, including Mrs. Buhrow, and substantially increased the risk of an individual on the property falling or slipping on such steps and being seriously injured.

50. On information and belief, at relevant times, Defendants breached the duties

9

generally described herein by their wrongful, negligent, and/or reckless acts and omissions (and/or by the acts and omissions of their employees and/or agents), including but not limited to: failing to repair the front steps of the Valley Hi cabin; failing to replace the front steps of the Valley Hi cabin; failing to adequately inspect the front steps of the Valley Hi cabin; failing to maintain slip resistant treads or another slip resistant surface on the front steps of the Valley Hi cabin; removing or having removed the slip resistant tape or treads on the front steps of the Valley Hi cabin; failing to make the steps of uniform size, shape, and slope; failing to install material on the nosing of the treads; failing to repair worn and/or damaged steps; failing to install adequate lighting on or near the front steps of the Valley Hi cabin; and/or failing to otherwise remedy the unsafe, unreasonably dangerous, and hazardous conditions of the steps referenced above.

51. It was reasonably foreseeable to Defendants (and their agents and/or employees) that occasional visitors to the Valley Hi cabin (which included Mrs. Buhrow) would be walking down the steps where such hazardous condition had been created (as noted above, they were the primary means of egress); that such visitors would be walking down the steps at night and/or at times with reduced visibility; that such visitors would not be aware of the unsafe and hazardous conditions of the premises; and that the unsafe and unreasonably dangerous conditions at the Valley Hi cabin referenced herein would pose an unreasonable and serious risk of harm to those entering or exiting the cabin and cause those individuals, including Mrs. Buhrow, to be injured.

52. Defendants are liable to Plaintiffs for the wrongful and negligent acts and omissions generally referenced above in accordance with fundamental common law negligence, vicarious liability, and agency principles and the doctrine of *respondeat superior*, of which Plaintiffs specifically rely on to the extent applicable.

10

53. As a direct and proximate result of the wrongful and negligent actions and omissions of the Defendants, including through one or more of their employees and/or agents, which created the unsafe, unreasonably dangerous, and hazardous conditions generally described above, Mrs. Buhrow was seriously injured and sustained the losses and damages generally described herein.

54. Each of Defendants' wrongful, negligent, and/or reckless acts and omissions generally referenced herein (including those of their agents and/or employees) constituted a breach of their duty of care to Plaintiffs and constituted a cause in fact and legal cause of Plaintiffs' losses and damages.

### Count Two:  Negligent Failure to Warn of the Hazardous and Unreasonably Dangerous Conditions of the Premises

55. The assertions of paragraphs 1-54 are incorporated herein as if recited verbatim in this count.

56. Because Defendants (including their agents and/or employees), at relevant times, had an ownership and/or leasehold interest in and/or operated, maintained, controlled, and/or managed the Valley Hi cabin rental therein, Defendants had a duty to use reasonable care to ensure that all areas being used by the public were managed and maintained in a manner so as not to create an unreasonable risk of harm, including but not limited to:  a duty to use reasonable care to keep the subject premises in a safe and suitable condition in the area where individuals were invited and expected to be; a duty to maintain and manage the property and steps leading from the front porch to the yard properly and safely in the area where individuals were invited and expected to be; a duty to use reasonable care to refrain from creating any unreasonably dangerous condition in the area where individuals were invited and expected to be; and a duty to warn of any dangerous and/or

11

hazardous condition in the area where individuals were invited and expected to be.

57. On information and belief, prior to each guest's stay, Defendants and/or their agents and employees would inspect the condition of the subject premises.

58. Prior to the fall which seriously injured Mrs. Buhrow, Defendants had actual and/or constructive notice of the unsafe and unreasonably dangerous conditions generally described above; Defendants, through the wrongful and negligent acts and/or omissions of one or more of their employees and/or agents, created or ignored said hazardous conditions; it was foreseeable to the Defendants that occasional visitors renting or visiting the Valley Hi cabin, including Mrs. Buhrow and her husband, would be walking in the area where such hazardous conditions were located (as the steps were the primary means of egress) and that they may be doing so at times of reduced visibility; and it was foreseeable that guests, including Mrs. Buhrow and her husband, would be injured by walking in the area where such hazardous conditions were located.

59. At relevant times, Defendants (through their agents and/or employees) breached their duties generally described above and failed to warn individuals, including Mrs. Buhrow and her husband, about such unsafe and unreasonably dangerous conditions, which had been created well before March 20, 2021.

60. After learning of such hazardous conditions, Defendants had a duty to warn of such hazards, either by signage, by blocking the area off, or by other methods that provided adequate and appropriate warnings about said hazardous conditions and failed to do so.

61. Alternatively, after discovering the unsafe and unreasonably dangerous conditions of the front steps of the Valley Hi cabin as generally described herein, which had been created well before March 20, 2021, Defendants should have refrained from renting the subject property to

12

occasional visitors (or holding it as available to rent) until such hazardous conditions could be remedied.

62. Defendants, through their employees and/or agents, committed wrongful and negligent acts and omissions and breached the duties they owed to guests renting or staying at the Valley Hi cabin, including Mrs. Buhrow and her husband; said breaches include, but are not limited to: creating and/or maintaining the unsafe and unreasonably dangerous conditions generally referenced above at relevant times; causing or allowing said hazardous condition to exist and to persist; failing to warn residents renting the Valley Hi cabin, including Mrs. Buhrow and her husband, about said hazardous conditions; and continuing to hold the subject property out as available for rent to the public, including occasional visitors such as the Buhrows, when Defendants knew or should have known of the hazardous and unreasonably dangerous conditions of such property.

63. Defendants are liable to Plaintiffs for the wrongful and negligent acts and omissions generally referenced above in accordance with fundamental common law negligence, vicarious liability, and agency principles and the doctrine of *respondeat superior*, of which Plaintiffs specifically rely on to the extent applicable.

64. As a direct and proximate result of wrongful and negligent actions and omissions of the Defendants, including through one or more of their employees and/or agents, which created the unsafe, unreasonably dangerous, and hazardous conditions generally described above, Mrs. Buhrow was seriously injured and sustained the losses and damages generally described herein.

65. Each of Defendants' wrongful, negligent, and/or reckless acts and omissions

13

generally referenced herein (including those of their agents and/or employees) constituted a breach of their duty of care to Plaintiffs and constituted a cause in fact and legal cause of Plaintiffs' losses and damages.

### Count Three: Negligence *Per Se* Regarding the Hazardous and Unreasonably Dangerous Conditions of the Premises

66. The assertions of paragraphs 1-65 are incorporated herein as if recited verbatim in this count.

67. As the owners and/or managers of the subject premises, Defendants had a duty to comply with all applicable standards, ordinances, regulations, and statutes at all relevant times, including but not limited to, from March 2012 through March 20, 2021.

68. Defendants are liable for the injuries, losses and damages sustained by Plaintiffs because their acts and omissions (or the acts and omissions of their employees and/or agents) violated applicable standards, ordinances, regulations, and statutes and thus constitute negligence *per se*.

69. From March 2012 through March 20, 2021, and at other relevant times, Defendants violated such standards, ordinances, and regulations, including but not limited to, the applicable sections of the International Residential Code, International Building Code and the Sevier County Code of Municipal Ordinances, the codes and laws applying to the City of Pigeon Forge, and other statutes, rules, and regulations of governmental entities that were applicable to the subject premises.

70. On information and belief, at relevant times, including at the time of the subject incident, Defendants violated applicable standards, ordinances, and regulations because, among other reasons, the stairs were not of uniform size, shape, and elevation (2012 International Building

14

Code Sec. 1009.7.4 and 2015 International Building Code Sec. 1011.5), were not slip-resistant (2015 International Building Code Sec. 1003.4), and the treads, nosing, and riser profile of the stairs were not sloped at an appropriate angle or of uniform size (2012 International Building Code Secs. 1009.7.5 and 1009.9.1; 2015 International Building Code Sec. 1011.5; and 2018 International Residential Code Secs. R311.7.5 and R311.7.7).

71. As a result of Defendants' violations of applicable standards, ordinances, and regulations at relevant times, on March 20, 2021, Mrs. Buhrow fell on the stairs of the Valley Hi cabin and was seriously injured.

72. Plaintiffs belong to the class of persons protected by the standards, ordinances, and regulations generally referenced above.

73. The subject incident on March 20, 2021, is the type of incident that the standards, ordinances, and regulations referenced above are designed to prevent or protect against.

74. Defendants are liable to Plaintiffs for the wrongful and negligent acts and omissions generally referenced above in accordance with fundamental common law negligence, vicarious liability, and agency principles and the doctrine of *respondeat superior*, of which Plaintiffs specifically rely on to the extent applicable.

75. Each of Defendants' violations (and the violations of their employees and/or agents) of the standards, ordinances, regulations, and statutes referenced above constitute negligence *per se* and was the cause in fact and legal cause of Plaintiffs' injuries, damages, and losses.

## Count Four: Loss of Consortium

76. Paragraphs 1 through 75 are incorporated herein by reference.

77. As a result of the events generally described above, Mrs. Buhrow has sustained serious and likely permanent personal injuries.

78. As a result of the subject incident and Mrs. Buhrow's injuries, Plaintiff Luke Buhrow has sustained losses and damages, including but not limited to incurring additional expenses, including being jointly liable for his wife's medical bills; experiencing losses and expenses related to his wife's medical appointments; experiencing losses in the society and companionship of his wife; and experiencing losses of his wife's household services.

79. Defendants are liable to Plaintiffs for the wrongful and negligent acts and omissions generally referenced above in accordance with fundamental common law negligence, vicarious liability, and agency principles and the doctrine of *respondeat superior*, of which Plaintiffs specifically rely on to the extent applicable

80. Each of Defendants' negligent and reckless acts generally described above were a cause in fact and legal cause of Patricia Buhrow's injuries and the resulting losses and damages sustained by Luke Buhrow.

### Count Five: Punitive Damages

81. Paragraphs 1 through 80 are incorporated herein by reference.

82. On information and belief, as described generally herein, Defendants were reckless in their failure to maintain, repair, and/or warn of the unsafe, hazardous, and unreasonably dangerous conditions of the Valley Hi cabin because, among other things: the unsafe and hazardous conditions existed for an extended period of time after Defendants had actual and/or constructive notice of such conditions but prior to the subject incident; Defendants knew or should have known that the referenced unsafe and hazardous conditions existed on the primary means of

16

egress for the cabin (which would be used by occasional visitors at time, including when it was dark or there was otherwise reduced visibility); Defendants knew or should have known that adequate property inspections were not being performed on the subject premises, including by local government authorities; and Defendants continued to hold the Valley Hi cabin out as available to rent by the public when they knew or should have known of the unsafe and hazardous conditions of the premises, including that such conditions would not be apparent to those occasional visitors renting the cabin.

83. For each of the actions and omissions of Defendants as described generally herein, which were reckless, Plaintiffs request that they be awarded punitive damages in the amount the trier of fact deems appropriate and just in accordance with applicable law.

## **PLAINTIFFS' RESULTING DAMAGES**

84. As a direct and proximate result of Defendants' wrongful, negligent, and reckless conduct described above, Plaintiffs have suffered significant personal injuries and damages, which include, but are not limited to: past and future medical expenses; past and future losses in the enjoyment of life; past and future damages for pain and discomfort; and past and future economic losses, including past and future losses in earning capacity.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. Plaintiffs request compensatory damages in the amount the jury finds to be appropriate and just, based on the proof and the applicable law, in an amount which they assert should not be less than $750,000.00 plus all economic damages and losses proven at trial for Mrs. Buhrow and an amount not less than $80,000.00 for Luke Buhrow; Mr. and Mrs. Buhrow state these amounts for the purpose of providing general notice as of the date the Complaint is

17

being filed and reserve the right to modify these amounts as additional information is obtained about Mrs. Buhrow's medical treatment, the progression of her injuries, the extent of Mrs. Buhrow's recovery and permanent injuries, and Plaintiffs losses and damages generally. Further, to the extent evidence is introduced at trial which makes an award of punitive damages appropriate, then Plaintiffs request that punitive damages be assessed against the Defendants in a fair and just amount based on the jury's findings and the applicable law and in an amount not to exceed three times the amount of compensatory damages awarded.

      B.      Plaintiffs request that they be awarded all costs of the Court and all discretionary costs, including but not limited to all expert fees, court reporter fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs which are allowable by statute, the common law, and/or pursuant to Rule 54 of the Federal Rules of Civil Procedure; Plaintiffs move that all such costs and expenses be taxed to the Defendants upon entry of any judgment in this cause;

      C.      Plaintiffs also request that they be awarded post-judgment interest in the amount allowed by common law or statute; and

      D.      Plaintiffs request that a jury be impaneled to hear this cause.

18

Case 3:22-cv-00022-CEA-JEM   Document 1   Filed 01/20/22   Page 18 of 19   PageID #: 18

Respectfully submitted this 20th day of January, 2022.


                By:      s/Samantha I. Ellis_____
                         WAYNE A. RITCHIE II, BPR #013936
                         SAMANTHA I. ELLIS, BPR #036709
                         RITCHIE, DAVIES, JOHNSON &
                              STOVALL, P.C.
                         606 West Main Avenue
                         Post Office Box 1126
                         Knoxville, Tennessee 37901-1126
                         Phone: (865) 637-0661
                         Fax: (865) 524-4623
                         e-mail: war@rdjs.law
                         e-mail: sellis@rdjs.law
                       *Attorneys for Plaintiffs*